## KUEHNEMUNDT *v.* SMITH, President.

*(Superior Court of New York City, Special Term. August 20, 1888.)*

STOCK AND PRODUCE EXCHANGES—EXPULSION OF MEMBERS—VALIDITY.

    The constitution of the New York Stock Exchange provides for suspension of insolvent members, and that within a year from the time of suspension, or such further time as the governing committee may grant, such members may apply for readmission on showing a settlement with their creditors. It also provides that members guilty of obvious fraud, of which the governing committee shall be the judges, shall on vote of two-thirds of the members of said committee present be declared expelled by the president. Plaintiff, a member of the exchange, was suspended for insolvency, and charged with obvious fraud. He asked for and was granted an adjournment of the hearing, examined the testimony taken by the investigating committee, appeared, and was heard and interrogated by the governing committee, and given a full opportunity for self-defense, and was adjudged guilty by a two-thirds vote, and expelled by the president. Plaintiff did not settle with his creditors within a year, nor apply for readmission, nor get an extension of time, nor did he object to any of the proceedings. *Held*, that the court would not declare his suspension null and void.

Action by Charles F. Kuehnemundt against James D. Smith, as president of the New York Stock Exchange, to have the suspension of plaintiff from the exchange declared null and void.

*Logan & Melliss*, for plaintiff.    *Carter, Rollins & Ledyard*, for defendant.

FREEDMAN, J. This question was brought on the equity side of the court —*First*, to procure an adjudication that the expulsion of the plaintiff from membership in the New York Stock Exchange was null and void; and *second*, to obtain an injunction restraining the officers of the exchange from interfering with the exercise by the plaintiff of the privileges of membership.

The plaintiff became a member of the New York Stock Exchange in May, 1877. On October 15, 1878, the firm of Haar & Co., of which the plaintiff was then a member, became insolvent, and in consequence thereof the plaintiff became insolvent, and he notified the president of the New York Stock Exchange that he was unable to meet his engagements. In such a case the constitution of the New York Stock Exchange, among other things, provided as follows, viz.: "Article 14, § 1. Any member who fails to comply with his contracts, or becomes insolvent, shall be suspended until he has settled with his creditors. Such member shall immediately inform the president, in writing, that he is unable to meet his engagements; and it shall be the duty of the presiding officer thereupon to give notice, from the chair, of the suspension of such member. The secretary shall record the failure of such member in a book kept for that purpose." The constitution also provided, in substance, that a suspended member might apply to the committee on admission for readmission as a member on showing that he had settled with all his creditors, within a year from the time of his suspension, or such further time as the governing committee might grant him for that purpose. It is also provided that if a suspended member should fail to make a settlement with his creditors within one year from the time of his suspension, or an extension of his time to make such settlement, his membership should be disposed of by the committee on admissions, and the proceeds thereof paid *pro rata* to his creditors, members of the exchange. In pursuance of these provisions the plaintiff was duly suspended, and due notice of his suspension was given. More than a year has elapsed since such suspension, and the plaintiff has not settled with his creditors, or had his time for that purpose extended, nor did he apply for readmission as a member of the exchange. In view of these facts, which were conceded by the plaintiff, a motion was made at the trial, at the close of plaintiff's case, for a dismissal of the complaint on the authority of *Sewell* v. *Ives*, decided by SEDGWICK, C. J., and reported in full in Dos Passos, Stock Brok. 47. The plaintiff thereupon withdrew so much of his prayer for relief as sought an injunction, and stated that all he asked was that it should be adjudged that his expulsion was null and void. In *Sewell* v. *Ives* the complaint was drawn in precisely the same terms as contained in that in the case at bar. It was held that the expulsion was void, because the vote resulting in a conviction was not passed by the requisite majority. Nevertheless it was held that, inasmuch as it appeared (as it appears in this case) that the plaintiff, prior to his expulsion, had been suspended for insolvency, and had failed to take the necessary steps entitling him to a reinstatement under the provisions of the constitution of the New York Stock Exchange, he was not entitled to injunctive relief. That case is precisely in point, and it was in view of the decision delivered in that case that the plaintiff here withdrew his application for an injunction. I cannot see that by this withdrawal the plaintiff has in any wise bettered his position. What he now asks is that this court should simply declare that his expulsion was null and void Courts of justice do not sit for the purpose of making declarations on abstract questions of right. They exist for the purpose of determining actual controversies by a judgment capable of being enforced. *McCabe* v. *Emmons*, 51 N. Y. Super. Ct. 225; *Platt* v. *Jones*, 49 N. Y. Super. Ct. 279, affirmed 96 N. Y 24. Moreover, upon all the facts disclosed, it appears that the expulsion of the plaintiff is not open to legal objection. On becoming a member of the New York Stock Exchange the plaintiff agreed to be bound by the constitution of the exchange, and that constitution provides the cases in which, and the general method by which, a member may be expelled. The plaintiff, therefore, was not entitled to a trial conducted in accordance with the rules which govern the proceedings of the regular courts of the land, but only to a trial prescribed by the constitution, to which he voluntarily subscribed. If he had had such a trial, he is entitled to nothing more.

On the day after his suspension, the plaintiff appeared before the committee on insolvencies of the exchange, whose duty it was, under the constitution, to investigate every case of insolvency, and he made a statement before this committee of the circumstances under which the failure occurred. The committee reported to the governing committee, and thereupon a committee of five was appointed to inquire into all the circumstances attending the failure of Haar & Co. Several persons appeared before this investigating committee, and made statements in relation to the transactions of Haar & Co. and the plaintiff, and these statements were taken down by a stenographer. This committee, on October 23, 1878, reported to the governing committee, and thereupon the governing committee appointed a committee of three to prepare charges and specifications of fraud against the plaintiff and any other member of the exchange who might be deemed implicated by the testimony taken. This committee of three, on October 28, 1878, reported to the governing committee a charge of obvious fraud against the plaintiff, with four specifications. Thereupon the governing committee adopted the following resolution: "Resolved, that Mr. Kuehnemundt be summoned to appear in his own defense at a special meeting of the governing committee, to be held Monday next, at three and a quarter P. M., and that he be furnished with a copy of the foregoing charge and specifications, and be granted permission to examine the testimony in the case, in the secretary's office." This charge against the plaintiff was made under the following provision of the constitution of the stock exchange: "Article 20. Members guilty of obvious fraud. Should any member be guilty of obvious fraud,—of which the governing committee shall be the judges,—he shall, upon conviction thereof by a vote of two-thirds of the members of said committee present, be declared by the president to be expelled, and his membership shall escheat to the exchange." On the day following the adoption of the resolution referred to, the secretary of the exchange sent a letter to the plaintiff, stating that the above-mentioned charge and specifications had been preferred against him, and containing a copy of the charge and specifications and the resolution. Mr. Kuehnemundt's counsel thereupon sent a letter to the secretary of the exchange, asking an adjournment of the hearing of his matter for about one week. In accordance with this request the governing committee postponed the hearing to November 11, 1878. Prior to the meeting of the governing committee, held upon that day, the plaintiff examined at the secretary's office the testimony taken by the investigating committee, and on November 11, 1878, he appeared before the governing committee. The charge and specifications were read, and also the testimony, and the plaintiff submitted a written answer to the charge and specifications, pleading not guilty, upon the merits, to the charge and each specification. At this meeting the plaintiff made an oral statement, was interrogated by members of the committee, and was given a full opportunity to be heard in his own defense. No other statements or testimony were taken by the governing committee. The plaintiff retired, and the committee voted upon the charge and specifications, and the plaintiff was adjudged, by a vote of two-thirds of the members of the committee present, to be guilty of two of the specifications, and was, by a like vote, convicted of obvious fraud. On the next day the president of the exchange declared the plaintiff to be expelled from membership in the exchange. The plaintiff, during all the proceedings against him taken by the exchange, acted under the advice of his counsel, and no objection was raised by him to the regularity or validity of the proceedings by which he was expelled, until the commencement of this action, on January 14, 1887, nearly nine years afterwards. He did not, during the course of the proceedings against him, request to be confronted with the persons examined by the investigating committee, or ask for the privilege of cross-examining them, or offer any testimony or evidence on his own behalf at the hearing before the governing committee. His application for a

postponement of the hearing was at once granted, and he was given an opportunity to examine the testimony taken, and full opportunity to be heard before the governing committee. He does not now claim that the governing committee did not act honestly and fairly, or that their action was influenced by any ill feeling or bias against him. In view of these facts, it is immaterial that, before the meeting of the governing committee, the secretary refused to permit the plaintiff to copy or take notes from the testimony collected against him. If material to plaintiff's defense, the plaintiff should have made a proper request for that purpose to the governing committee. So, if the plaintiff intended to claim the right to be confronted with the witnesses against him, and to cross-examine them, he should have made the claim before the governing committee. By omitting to make such a claim then and there, and submitting his case to the governing committee in the manner he did, he waived any rights he had in the premises. In any aspect of the case, therefore, the defendant is entitled to judgment dismissing the complaint, with costs.